O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVA ALARCON,<br>                Plaintiff,<br>     v.<br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br>                Defendant. | Case No. ED CV 14-1792 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Elva Alarcon ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by improperly evaluating the opinion of her treating physician, Dr. Bradley Baum. (*See* Joint Stip. at 4-9, 20-24.) The Court agrees with Plaintiff for the reasons discussed below.

A. <u>The ALJ Failed to Properly Evaluate the Treating Physician's Opinion</u>

As a general rule, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Here, first, the ALJ improperly rejected Dr. Baum's opinion on the basis that it was generated in the adversarial workers' compensation context, and that physicians retained in that capacity are "often biased and do not provide truly objective opinions." (Administrative Record "AR" at 26); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 n.5 (9th Cir. 2004) (rejecting contention that physician was biased because he was hired by workers' compensation insurance company); *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) ("[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it."); *Torres v. Colvin*, 2014 WL 5810365, at *4 (C.D. Cal. Nov. 7, 2014) (rejecting identical ALJ reasoning as "clearly contrary to binding Ninth Circuit case law").

Second, the ALJ's statement that Dr. Baum's opinion was "generally consistent" with Plaintiff's residual functional capacity ("RFC") "does not achieve the level of specificity" required to evaluate a treating physician's opinion. (AR at 30); *see Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988); *Bauer v. Astrue*, 2012 WL 3999761, at *4 (C.D. Cal. Sept. 11, 2012).

Third, the ALJ failed to explain how Dr. Baum's opinion that Plaintiff is "permanently disabled" comported with the ALJ's finding that Plaintiff could perform sedentary work.[1] (AR at 24, 29-30, 345, 349-50, 362, 396, 405, 419, 423-24, 426, 430, 432, 447); *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence and explain why it was rejected); *Alvarez v. Astrue*, 2012 WL 282110, at *3 (C.D. Cal. Jan. 26, 2012) ("If the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted.")

---

[1] Notably, Dr. Baum's progress reports allowed him to select work restrictions similar to the ALJ's sedentary work RFC finding, and he declined to do so. (*See* AR at 345, 349-50, 419, 424, 426, 430.)

Fourth, the ALJ fails to properly translate Dr. Baum's opinion into the social security context. For instance, the ALJ dismisses the term "permanent and stationary" as "not relevant" to the Plaintiff's case, merely because workers' compensation law and social security law use different criteria to determine disability. (AR at 29 n.1); *see Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (decision was not supported by substantial evidence because the ALJ had not adequately considered definitional differences between the California workers' compensation system and the Social Security Act).

Thus, the ALJ improperly evaluated Dr. Baum's opinion.

B.   Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, Dr. Baum's opinion must be properly translated into the social security context and reconciled with the ALJ's previous RFC finding. *See Torres*, 2014 WL 5810365 (concluding that the prudent course is to let the ALJ, with the help of plaintiff's counsel, translate workers' compensation reports in the first instance and determine whether plaintiff is disabled under social security law). Given the necessity of remand, the Court need not address Plaintiff's remaining contention that the Appeals Council failed to properly consider certain evidence never previously before the ALJ. (*See* Joint Stip. at 4, 24-29, 32-33.) The ALJ shall also consider this evidence in the first instance and in conjunction with the other evidence in the record.

1  Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
2  **REVERSING** the decision of the Commissioner denying benefits and **REMANDING**
3  the matter for further administrative action consistent with this decision.

5  DATED: June 12, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Report and Recommendation is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*